IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Terry Montain Miller,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:13cv626 (TSE/IDD) |
| | ) | |
| **Eddie L. Pearson, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Terry Montain Miller, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his right of access to the courts has been abridged. Plaintiff has applied to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

Plaintiff is an inmate confined at Sussex I State Prison ("Sussex I"). On December 27, 2102, plaintiff addressed a letter to Warden Eddie Pearson requesting to be provided with appointed counsel pursuant to Va. Code 53.1-40. The warden responded by suggesting that plaintiff contact the law library to set up an appointment with the institutional attorney. Plaintiff

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

replied to the warden essentially that he was entitled to appointed counsel, but after four weeks the warden had not responded, so plaintiff began to pursue administrative remedies as to his claim. Plaintiff alleges that the failure to provide him with appointed counsel constitutes a violation of his right of access to the courts, because he required assistance in filing a petition for a writ of certiorari to the United States Supreme Court.

II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.

III.

Inmates have a right to meaningful access to the courts, which "can be satisfied either by providing inmates with adequate law libraries or with adequate assistance from persons trained in the law." Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993) (citing Bounds v. Smith, 430 U.S. 817, 822 (1977)). To state a claim for denial of access to the courts, plaintiff must establish

2

that the law library or legal assistance was inadequate and that plaintiff suffered an "actual injury or specific harm." Id. at 1084-85; see, e.g., Strickler, 989 F.2d at 1382; Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir. 1987). Actual injury requires that the inmate "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va. 2004).

Here, plaintiff has stated no claim for which § 1983 relief is available for two reasons. First, according to plaintiff's own allegations, both a law library and an institutional attorney were available to him at Sussex I. Because plaintiff does not challenge the adequacy of either, his right of access to the courts was satisfied. Hause, 993 F.2d at 1084. Second, even if that were not so, plaintiff does not allege that the failure to provide him with appointed counsel caused him to suffer an "actual injury or specific harm." Id. Specifically, he does not claim that he was prevented from meeting deadlines or impeded in his ability to litigate a non-frivolous legal claim. Therefore, plaintiff fails to state a claim for violation of his right of access to the courts.

## IV.

For the foregoing reasons, the complaint must be dismissed pursuant to § 1915A for failure to state a claim for which relief can be granted. Plaintiff's application to proceed in forma pauperis accordingly must be denied, as moot. An appropriate Order shall issue.

Entered this 12th day of March, 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge